**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD B. CLAY, | ) |
| Petitioner, | ) 3:05-cv-0558-RLH-RAM |
| vs. | ) **ORDER** |
| E. K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Edward B. Clay, a Nevada state prisoner. The matter comes before the Court with respect to its merits.

**I.     Background**

Petitioner was charged with one count of robbery and one count of burglary, and he was noticed with a charge of habitual criminality. (Exhibit 1).[1] A one-day jury trial was held on July 28, 2003. (Exhibit 2). Trial evidence showed that petitioner entered a "7-11" store on North Rancho Drive in Las Vegas, asked to buy several cartons of cigarettes and boxes of cigars, and then told the clerk he had changed his mind, whereupon the clerk set the bag containing the merchandise down

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #9.

behind the counter. (Exhibit 2). Petitioner then reached over the counter and grabbed the bag containing the tobacco products. (Exhibit 2, at pp. 11-13). When the store clerk grabbed petitioner's shirt in order to keep him from stealing the property, the two struggled, with the petitioner breaking away – the store clerk stated that petitioner "snatched away from me when I had his shirt," walking out the door. (Exhibit 2, at p. 13, 19). He was followed outside by employees who noted his license plate number. (Exhibit 2). The State showed security video film clips to the jury, while the store clerk pointed out what the clips were showing. (Exhibit 2, at pp. 15-16).

Petitioner was found guilty of robbery and burglary. (Exhibit 2). On September 19, 2003, the judgment of conviction was entered, indicating that petitioner was guilty of the burglary and robbery charges, and was adjudged a habitual criminal. (Exhibit 3). Petitioner was sentenced to 10-25 years incarceration on the burglary conviction, and 10-25 years incarceration on the robbery conviction, to be served concurrently. (*Id.*).

Petitioner appealed from the judgment of conviction, and on May 11, 2004, the Nevada Supreme Court affirmed the judgment. (Exhibit 4). Petitioner filed a *pro se* post-conviction habeas petition in state court. Petitioner appealed the state district court's denial of the petition. On September 20, 2005, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exhibit 5).

Petitioner filed a federal habeas petition in this Court on October 17, 2005. (Docket #1 and #4). Respondents filed an answer. (Docket #9). Petitioner has filed a traverse. (Docket #13). The Court now addresses the merits of the petition.

**II.     Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

*Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

#### A. Ground One

Petitioner alleges that, in violation of his Sixth and Fourteenth Amendment rights, the prosecutor did not turn over to the defense the full surveillance videotape of the crime scene at the store, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

##### 1. Procedural Default Principles

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner,* 328 F.3d at 1046.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state

4

procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**2. Application to the Instant Case**

In ruling on petitioner's post-conviction habeas petition, the Nevada Supreme Court applied the procedural bar of NRS 34.810 to petitioner's *Brady* claim, finding that:

> Appellant also claimed that the prosecution suppressed material evidence in violation of Brady. [Footnote omitted]. Appellant waived this claim by failing to raise it on direct appeal and failing to show good cause for not doing so. [Footnote omitted]. Accordingly, we conclude that the district court did not err in denying this claim.

(Exhibit 5, at p. 5). NRS 34.810 has been held on numerous occasions to be adequate state law procedural rules barring federal review. *See Moran v. McDaniel,* 80 F.3d 1261 (9th Cir. 1996); *Bargas v. Burns,* 179 F.3d 1207 (9th Cir. 1999); *Valerio v. Crawford,* 306 F.3d 742 (9th Cir. 2002); *Vang v. State of Nevada,* 329 F.3d 1069, 1074 (9th Cir. 2003).

5

This Court finds that petitioner has failed to demonstrate cause and prejudice to excuse the procedural default.  Because Ground One of the federal petition was denied on adequate and independent state law grounds, and petitioner has not demonstrated cause and prejudice, Ground One is procedurally defaulted.

**B.  Ground Two**

Petitioner alleges that, in violation of the Sixth and Fourteenth Amendments, his trial counsel was ineffective because he:  (a) failed to acquire the full surveillance videotape of the crime scene at the store; (b) utilized photographs taken by a defense investigator of the scene to show that the petitioner could not have seen the clerk at the counter from outside, rather than using surveillance videotape of the crime scene; (c) did not hold the State to its burden of proof where the taking of property by force was not shown; and (d) failed to sufficiently impeach the credibility of the store employees at trial, particularly regarding the testimony that petitioner jerked away from the clerk.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's

1  burden to overcome the presumption that counsel's actions might be considered sound trial strategy.
2  *Id.*
3         Ineffective assistance of counsel under *Strickland* requires a showing of deficient
4  performance of counsel resulting in prejudice, "with performance being measured against an
5  'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*
6  *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an
7  ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary
8  to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1,
9  5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of
10 reasonable professional assistance. *Id.*

          **1. Failure to Acquire Full Surveillance Videotape**

12        Petitioner claims ineffective assistance of counsel based on trial counsel's failure to
13 obtain the full surveillance videotape of the crime scene at the store. The Nevada Supreme Court
14 addressed this claim in affirming the district court's denial of petitioner's post-conviction state
15 habeas petition. (Exhibit 5, at pp. 2-3). The Nevada Supreme Court held that counsel had sought the
16 entire tape, and furthermore, because the video clips showed petitioner as he took the bag and left the
17 store, petitioner failed to demonstrate that showing the entire video would have altered the outcome
18 of the trial. (Exhibit 5, at pp. 2-3). The Nevada Supreme Court correctly held that petitioner failed
19 to show that trial counsel was ineffective under the *Strickland* standard.

20        The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. §
21 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's
22 decision was contrary to, or involved an unreasonable application of, clearly established federal law,
23 as determined by the United States Supreme Court, or that it was based on an unreasonable
24 determination of the facts in light of the evidence presented in the state court proceeding. Counsel
25 did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has
26

1  petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for
2  the alleged actions of counsel, the outcome of the proceeding would have been different. Petitioner's
3  counsel was not ineffective and this Court will deny habeas relief with respect to Ground 2(a).

### 2. Utilizing Photographs Taken by a Defense Investigator

Petitioner claims ineffective assistance of counsel based on trial counsel's utilization of photographs taken by a defense investigator of the scene to show that the petitioner could not have seen the clerk at the counter from outside. Petitioner claims that surveillance video tapes of the crime scene would have better demonstrated the store as it appeared on the date of the crime. The Nevada Supreme Court addressed this claim in affirming the district court's denial of petitioner's post-conviction state habeas petition. The Nevada Supreme Court ruled that petitioner did not demonstrate the existence of any surveillance video that showed the front of the store, thus he failed to show counsel's deficiency. (Exhibit 5, at p. 3). The Nevada Supreme Court correctly held that petitioner failed to show that trial counsel was ineffective under the *Strickland* standard.

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Counsel did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged actions of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground 2(b).

### 3. Failure to Hold State to Burden of Proof on Robbery Charge

Petitioner claims ineffective assistance of counsel based on trial counsel's failure to hold the State to its burden of proof on the robbery charge, where the taking of property by force was

not shown. The Nevada Supreme Court addressed this claim in affirming the district court's denial of petitioner's post-conviction state habeas petition. The Nevada Supreme Court ruled that the record showed that counsel cross-examined the clerk and impeached her prior statement that she thought petitioner was going to hit her, and that he argued that the State had no demonstrated that force was used. (Exhibit 5, at p. 3). The Court found that the jury had the surveillance tape evidence to consider, as well as the relevant testimony before it, and that the issue of petitioner's use of force in "jerking away" from the clerk was an issue of fact for them. (*Id.,* at p. 4). The Court held that petitioner failed to show that trial counsel was deficient. (*Id.*). The Nevada Supreme Court correctly held that petitioner failed to show that trial counsel was ineffective under the *Strickland* standard.

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Counsel did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged actions of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground 2(c).

### 4. Failure to Impeach Credibility of Store Employees

Petitioner claims ineffective assistance of counsel based on trial counsel's failure to sufficiently impeach the credibility of the store employees at trial, particularly regarding the testimony that petitioner jerked away from the clerk. Petitioner claims that this statement was inconsistent with the victim's statement to the police in which she said that she "let go" of petitioner's shirt. The Nevada Supreme Court addressed this claim in affirming the district court's denial of petitioner's post-conviction state habeas petition. The Nevada Supreme Court ruled that

petitioner failed to demonstrate that testimony that the victim "let go" of petitioner's shirt would have altered the outcome of the trial. (Exhibit 5, at p. 4). The Court further found that the video clips shown to the jury showed both petitioner's and the victim's actions as petitioner took the cigarettes and left the premises. (*Id.*). The Court held that petitioner failed to show that trial counsel was deficient. (*Id.*). The Nevada Supreme Court correctly held that petitioner failed to show that trial counsel was ineffective under the *Strickland* standard.

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Counsel did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged actions of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground 2(d).

**IV.     Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V.     Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this   2nd   day of           February          , 2009.

_____
ROGER L. HUNT
Chief United States District Judge